# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA MCVICKER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-245 |
| ) | |
| v. ) | Chief Judge Lancaster |
| ) | Magistrate Judge Bissoon |
| KNIGHT PROTECTIVE SERVICE, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

For the reasons that follow, Plaintiff's Request for Entry of Default Judgment (*see* Doc. 5) will be denied, and the Court will set aside the Entry of Default (Doc. 6).

Sufficient service is a prerequisite to the entry of default. Logan v. Lockett, 2008 WL 4170271, *1 (W.D. Pa. Sept. 3, 2008) (citation omitted). Plaintiff asserts that Defendant was served by certified mail. *See* Pl.'s Request for Default & Default J. (Doc. 5) at ¶ 4. Counsel rely on Federal Rule of Civil Procedure 4(e)(1), *see id.*, which permits service under the laws of the states "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

In this case, the undersigned looks to the laws of Pennsylvania, where this Court is located, and Maryland, where service is to be made. Under either jurisdiction, service by certified mail, alone, is insufficient. *See, e.g.*, Grant Street Group, Inc. v. D & T Ventures, LLC, 2011 WL 778438, *1-2 (W.D. Pa. Mar. 1, 2011). Instead, both jurisdictions require that a certified mailing be made consistent with "restricted delivery," as offered by the United States Postal Service. Grant Street Group at *1 ("under Pennsylvania law, service by mail upon an out-of-state corporation is not proper unless it is accomplished by a form of mail requiring a receipt

signed by the defendant or [its] authorized agent," such as under Postal Service's restricted delivery option) (citations omitted); Md. Rule 2-121(a)(3) (certified mailing must request "Restricted Delivery").

Plaintiff's proof of service form indicates that, although service was made by certified mail, it was not mailed "restricted delivery." *See* Doc. 4 at pg. 2 of 3 (Postal Service's "Domestic Return Receipt," with "Certified Mail" box checked, and "Restricted Delivery" box unchecked). Nowhere in Plaintiff's proof of service, moreover, does she establish that the person who signed for the mailing was Defendant's authorized agent. *See generally* Doc. 4.

For these reasons, and consistent with Federal Rule 55(c),[1] the Entry of Default (**Doc. 6**) is **SET ASIDE**, and Plaintiff's Request for Default Judgment (*see* **Doc. 5**) is **DENIED**.[2]

IT IS SO ORDERED.

May 10, 2011

/s/ Gary L. Lancaster
Gary L. Lancaster
Chief United States District Judge

cc (via email):

All Counsel of Record

---

[1] *Id.* ("[t]he court may set aside an entry of default for good cause"); *see also* Feliz v. Kintock Group, 2008 WL 4747817, *4 (3d Cir. Oct. 30, 2008) (court may, for good cause, set aside default *sua sponte*); Diaz v. U.S., 2011 WL 1656498, *7 n.11 (S.D. Miss. May 2, 2011) (recognizing same) (citation omitted).

[2] For future reference, an application for default judgment by the Court is better presented as a motion, rather than as a "request," because the former shows up on the Court's pending adjudications list and the latter does not.