# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA MCVICKER, | ) |
| Plaintiff, | ) Civil Action No. 11-245 |
| v. | ) Judge Cathy Bissoon |
| KNIGHT PROTECTIVE SERVICE, INC., | ) |
| Defendant. | ) |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT ORDER

### I. FINDINGS OF FACT

Based on the evidence presented at trial, the Court makes the following findings, by a preponderance of the evidence:

1. Plaintiff, Christina McVicker, was employed as an armed security guard for Defendant, Knight Protective Service, Inc., a federal government contractor, beginning on October 1, 2008. (Amended Complaint ¶¶ 7-8; Hearing Testimony).

2. When hired by Defendant, Plaintiff worked as a full-time security guard in the McKeesport Social Security Office. (Amended Complaint ¶ 9; Hearing Testimony).

3. Defendant's employees told Plaintiff that the Social Security Office would prefer to have a man in her position. (Amended Complaint ¶ 11; Hearing Testimony).

4. On or about July 24, 2009, Defendant removed Plaintiff from her full-time position at the McKeesport Social Security Office. (Amended Complaint ¶ 13; Hearing Testimony).

5. Beginning in October 2009, Plaintiff's working hours began to decrease. (Amended Complaint ¶ 17; Hearing Testimony).

6. Pursuant to the collective bargaining agreement between Defendant and the National Union of Protective Service Associations (Hearing Exhibit 1), employees such as Plaintiff were entitled to the following wages and benefits from September 1, 2009 to December 1, 2009:

    a. Wages: $15.76 per hour (p. A-23)

    b. Health and welfare benefits: $3.16 per hour (p. A-24)

    c. Pension benefits: $0.65 per hour (p. A-24)

    d. Uniform allowance: $0.41 per hour (p. A-27)

7. Effective December 1, 2009, employee wages and benefits increased as follows:

    a. Wages: $16.39 per hour (p. A-23)

    b. Health and welfare benefits: $3.35 per hour (p. A-24)

    c. Pension benefits: $0.70 per hour (p. A-24)

    d. Uniform allowance: $0.51 per hour (p. A-27)

8. During Plaintiff's employment, full-time employees were entitled to be paid for eight hours of work on the following holidays: New Year's Day, Martin Luther King Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day and Christmas Day. If the employee worked on any of these holidays, he or she also would be paid for the hours actually worked in addition to the 8 hours of holiday pay. (Hearing Exhibit 1 p. A-25).

9. Part-time employees were paid holiday pay on a prorated basis based on the number of hours they worked in the week prior to the holiday. (Hearing Exhibit 1 p. A-25).

10. From October 25, 2009 to December 5, 2009, Defendant assigned Plaintiff to work 23.5 fewer hours than she would have worked had she remained in her full-time position. (Hearing Exhibit 2, p. DEF 609-611); (Hearing Exhibit 4).

11. Defendant also paid Plaintiff for 1.6 fewer holiday hours for Thanksgiving than she would have been paid had she been working full-time. (Hearing Exhibit 3, p. CM 29).

12. Thus, from October 25, 2009 to December 5, 2009, Plaintiff lost 25.1 hours of pay. (Hearing Exhibit 2, p. DEF 609-611); (Hearing Exhibit 3, p. CM 29); (Hearing Exhibit 4).

13. From October 25, 2009 to December 5, 2009, Plaintiff lost $501.51 in wages and benefits. (Revised Hearing Exhibit 5).[1]

14. From December 6, 2009 to June 5, 2010, Defendant assigned Plaintiff to work fewer hours than she would have worked had she remained in her full-time position. (Hearing Exhibit 2, p. DEF 612-624); (Hearing Exhibit 4).

15. Defendant also paid Plaintiff for 12.8 fewer holiday hours, for Christmas, Martin Luther King Day and Washington's Birthday, than it would have paid had she been working full-time. (Hearing Exhibit 3, p. CM 30-32).

16. Thus, from December 6, 2009 to June 5, 2010, Plaintiff lost 438.55 hours of pay. (Hearing Exhibit 2, p. DEF 612-624); (Hearing Exhibit 3, p. CM 30-32); (Hearing Exhibit 4). From December 6, 2009 to June 5, 2010, Plaintiff lost $9,187.62 in wages and benefits.

---

[1] As introduced at the Hearing, Exhibit 5 inadvertently transposed the number of hours lost between October 25, 2009 and December 5, 2009. The original Hearing Exhibit 5 indicated that Plaintiff lost 21.50 hours, when she actually lost 25.10 hours. A revised Exhibit 5 has been submitted with Plaintiff's Proposed Findings of Fact and Conclusions of Law. *See* Doc. 56.

(Revised Hearing Exhibit 5).

17. Thus, all told, Plaintiff lost a total of $9,689.13 in wages and benefits. (Revised Hearing Exhibit 5).

18. In June 2010, Plaintiff was restored to a full-time position, and her economic damages ceased. (Hearing Testimony).

19. When Defendant removed Plaintiff from the McKeesport Social Security Office, she had been in treatment for panic disorder and anxiety related to work-induced stress. (Hearing Testimony).

20. As a direct result of Defendant's decision to remove Plaintiff from her full-time position, Plaintiff's panic disorder and anxiety were exacerbated. (Hearing Testimony). Plaintiff continued to seek treatment for her panic disorder and anxiety, and was prescribed medication. (Hearing Testimony).

21. Plaintiff's heightened symptoms continued for several months, and had not returned to pre-injury levels as of the time of the hearing in this case. (Hearing Testimony).

22. Following the filing of this lawsuit, Plaintiff's coworkers made comments regarding the lawsuit, remarking that people need to watch what they say around her. (Hearing Testimony).

23. Plaintiff suffered humiliation and inconvenience as a result of Defendant's decision to remove her from the McKeesport Social Security Office. (Hearing Testimony).

## II. CONCLUSIONS OF LAW

1. Defendant is liable to Plaintiff under Title VII and the PHRA, pursuant to a default entered by this Court on March 20, 2014. *See* Doc. 50; *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("a consequence of the entry of a default judgment is that

the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true") (citations and internal quotations omitted).

2. As a matter of law, Defendant removed Plaintiff from the McKeesport Social Security Office because of her sex, and in retaliation for opposing sex discrimination, in violation of Title VII and the PHRA.

3. As a result of Defendant's violations of Title VII and the PHRA, Plaintiff has suffered economic damages, in the form of backpay, in the amount of **$9,689.13**.

4. As a result of Defendant's violations of Title VII and the PHRA, Plaintiff has suffered non-economic damages in the form of emotional distress, humiliation and inconvenience.

5. Based on the testimony presented at the hearing in this case, the Court, as factfinder, awards Plaintiff **$25,000.00** in compensatory damages.

6. McVicker is a "prevailing party" under 42 U.S.C. §2000e-5(k) and 43 Pa. Cons. Stat. § 962(c.2).

7. As such, Plaintiff and her attorneys are entitled to an award of attorney's fees pursuant to Title VII and the PHRA.

8. The Court finds the requested rate of $250 per hour for Plaintiff's attorney, Christine T. Elzer, Esq., to be reasonable and within the community market rate for attorneys of her skill and experience.

9. The Court finds the requested rate of $125 per hour for her counsel's paralegals, Lea Anne McCabe-Ferita and Melissa Damp, to be reasonable and within the community market rate for paralegals of their skill and experience.

10. The Court finds the hours expended by Plaintiff's counsel and her staff to be reasonably necessary to the prosecution of this litigation.

11. In addition, Plaintiff and her counsel have incurred $2,131.18 in recoverable expenses in this action.

12. Based on the evidence presented, the Court awards Plaintiff and her counsel $29.052.50 in fees, and $2,131.18 in costs, for a total of **$31,183.68** in fees and costs.[2]

Consistent with these Findings of Fact and Conclusions of Law, the Court hereby enters the following:

### III. ORDER

Judgment is entered, in favor of Plaintiff and against Defendant, in the amount of **$65,872.81**. Specifically, the Court awards:

|  |  |
|---:|---|
| $9,689.13 | Backpay |
| $25,000.00 | Compensatory Damages |
| $31,183.68 | Attorney's Fees and Costs |
| ------------ | |
| **$65,872.81** | **Total** |

The Court, having resolved all matters before it, will enter herewith an Order under Federal Rule 58 and mark this case closed.

IT IS SO ORDERED.

March 19, 2015                          s\Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

---

[2] Plaintiff's Motion for Attorney's Fees and Costs (**Doc. 53**) is **GRANTED**.

cc (via ECF email notification):

All counsel of record